UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Patrick, <br><br> Plaintiff, <br><br> vs. <br><br> Officer P.M. Keifer, York County Sheriff's Dept.; Robert Outen; Officer M. J. Doody, York County Sheriff's Dept.; Officer Gregory S. Maggart, York County Sheriff's Dept.; Supervisor Tim Hager, Unit 600 York Co. Sheriff's Dept. , <br><br> Defendants. | ) C/A No.  4:08-2383-SB-TER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) REPORT AND <br> ) RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The plaintiff, William Patrick (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff, at the time he filed this action, was an inmate at Catawba Pre-Release Center, a facility of the South Carolina Department of Corrections (SCDC). Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants an individual and four law enforcement officers of the York County Sheriff's Department. The complaint claims lack of criminal prosecution, negligence, slander and possibly discrimination. Plaintiff seeks monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of*

*Social Services*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The law is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). The Court could have subject matter jurisdiction of this case under 28 U.S.C. § 1331, "federal question," because the complaint is filed pursuant to 42 U.S.C. § 1983.[2] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint in this case sues Robert Outen, an individual that Plaintiff alleges attacked him, resulting in hospitalization, including reconstructive surgery. The complaint, however, fails to allege any facts that establish Defendant Outen was acting under the color of state law. Thus, the complaint fails to state a claim under § 1983 against Defendant Outen.

The remaining Defendants are law enforcement officers at the York County Sheriff's Office

---

[2] Title 28 U.S.C. § 1331 succinctly provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3

and are sued individually based on actions taken during their employment, thus they were acting under color of state law.  The complaint, however, does not allege facts that implicate the violation of a constitutional right by the law enforcement Defendants.  The complaint states "the officers took reports yet did not actively (prosecute) investigate the totality of the brutal assault." Compl. at 3.  The complaint also claims:

> 1. No prosecution for assault with intent to kill
> 2. Slander because applicant [plaintiff] was 'a drug user'
> 3. Negligence on solicitor's office to investigate for facts
> 4. The continued statements that this was drug related could not be used a as a basis to withhold prosecution when a violation of state code of laws happened.

*Id.*

Plaintiff seeks monetary damages for the failure of the law enforcement officers to pursue criminal charges and prosecution of the individual that attacked him.  However, "[i]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.").  The complaint does not name the solicitor's office as a defendant, but it is further noted that the decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion.  *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

The complaint also claims slander and negligence, which are possible claims under state law, but do not rise to the level of violations of constitutional rights.  The law is well settled that negligence is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Estelle v. Gamble*, 429 U.S. 97 (1976).  Similarly, slander is a state law claim that does not implicate the violation of a constitutional

right. *See e.g., Goodwin v. Kennedy*, 552 S.E.2d 319 (S.C.App., 2001). The complaint fails to allege the required "deprivation of any rights, privileges, or immunities secured by the Constitution and laws," 42 U.S.C. § 1983, that states a claim for violation of civil rights under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States).

The complaint could be attempting to claim discrimination based on the allegation that "the officer's statement that 'Outen' was a good ole boy reeks of misconduct and violation of applicant's rights." The complaint, however, fails to allege the plaintiff belongs in a "protected class" for purposes of violation of the Equal Protection clause. Further, in order to bring a successful Equal Protection claim against a "class of one," the plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The complaint does not allege facts that establish a violation of the Equal Protection clause. In fact, the complaint does not allege any facts that implicate the violation of any constitutional right or federal law.

Because the complaint does not allege violation of a right secured by the Constitution or laws of the United States, the complaint does not pose a federal question and lacks a basis for federal jurisdiction. Plaintiff's allegations set forth causes of action based in state law, such as negligence and slander. Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of

5

state law among non-diverse litigants.").[3]

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(dismiss at any time if complaint fails to state a claim).

                                        s/Thomas E. Rogers, III

                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

October 6, 2008
Florence, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

---

[3] The diversity statute also provides federal courts jurisdiction to hear state law claims, if complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars exists. 28 U.S.C. § 1332(a). The parties are not diverse in this case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).